# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>        Plaintiff,<br><br>vs.<br><br>CAROL J. WAYLAND, JOHN C. MUELLER, KENTUCKY-TENNESSEE 50 WELLS/400 BBLPD BLOCK, LIMITED PARTNERSHIP, HP OPERATIONS, LLC, C.A.R. LEASING, LLC, MITCHELL B. DOW, BARRY LISS, AND STEVE G. BLASKO,<br><br>        Defendants. | Case No. 8:17-cv-01156-AG (DFMx)<br><br>**FINAL JUDGMENT AS TO STEVE G. BLASKO** |

This matter came before the Court upon Plaintiff Securities and Exchange Commission's ("SEC") Motion for Summary Judgment against defendants Kentucky-Tennessee 50 Wells/400 BBLPD Block, Limited Partnership, HP Operations, LLC, C.A.R. Leasing, LLC, Carol J. Wayland, Mitchell B. Dow, Barry Liss, and Steve G. Blasko, made pursuant to Federal Rule of Civil Procedure 56. The Court having considered the memoranda and evidence filed by the parties, and all other argument and evidence presented to it, and good cause appearing therefor, granted the SEC's Motion on April 8, 2019.

On April 18, 2019, the SEC submitted a Supplemental Memorandum of Points and Authorities in support of its motion for permanent injunctions and civil penalties. The Court having considered the memoranda and evidence submitted by the SEC, and all other argument and evidence presented to it, and good cause appearing therefor, grants the SEC's Motion and enters this Final Judgment as to Steve G. Blasko ("Defendant").

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 5 of the Securities Act of 1933 [15 U.S.C. § 77e] ("Securities Act") by, directly or indirectly, in the absence of any applicable exemption:

(a) Unless a registration statement is in effect as to a security, making use of any means or instruments of transportation or communication in interstate commerce or of the mails to sell such security through the use or medium of any prospectus or otherwise;

(b) Unless a registration statement is in effect as to a security, carrying or causing to be carried through the mails or in interstate commerce, by any means or instruments of transportation, any such security for the purpose of sale or for delivery after sale; or

(c) Making use of any means or instruments of transportation or

communication in interstate commerce or of the mails to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security, or while the registration statement is the subject of a refusal order or stop order or (prior to the effective date of the registration statement) any public proceeding or examination under Section 8 of the Securities Act [15 U.S.C. § 77h].

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating Section 15(a) of the Securities Exchange Act of 1934 [15 U.S.C. § 78o(a)] ("Exchange Act"), in connection with the purchase or sale of a security, by the use of means or instrumentalities or interstate commerce, of the mails, or of the facilities of a national securities exchange, directly or indirectly effecting transactions in, or inducing or attempting to induce the purchase or sale of, securities without being registered with the SEC, or affiliated with a broker-dealer registered with the SEC.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $59,461, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $8,197.18, and a civil penalty in the amount of $160,000 pursuant to Section 20(d) of the Securities Act and Section 21(d)(3) of the Exchange Act [15 U.S.C. §§ 77t(d), 78u(d)(3)]. Defendant shall satisfy this obligation by paying $227,658.18 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

>  Enterprise Services Center
>  Accounts Receivable Branch
>  6500 South MacArthur Boulevard
>  Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Steve G. Blasko as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, solely for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for disgorgement, prejudgment interest, civil penalty or other amounts due by Defendant under this Final Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Steve G. Blasko of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

VI.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: May 7, 2019

_____
HON. ANDREW J. GUILFORD
UNITED STATES DISTRICT JUDGE